■ In the Matter of ROBERT B.-H. MERCYFIRST, Appellant, et al., Petitioner; ROBERT H., Respondent. (Proceeding No. 1.) In the Matter of NYEMA B.-H. MERCYFIRST, Appellant, et al., Petitioner; ROBERT H., Respondent. (Proceeding No. 2.) In the Matter of LATISHA B.-H. MERCYFIRST, Appellant, et al., Peti-

tioner; Robert H., Respondent. (Proceeding No. 3.) In the Matter of Shameika B.-H. Mercyfirst, Appellant, et al., Petitioner; Robert H., Respondent. (Proceeding No. 4.) [917 NYS2d 879]—

In four related child protective proceedings pursuant to Family Court Act article 10, Mercyfirst appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Olshansky, J.), dated June 29, 2010, as denied that branch of its motion which was for an order of protection on behalf of its employees and against the father of the subject children.

Ordered that the order is affirmed insofar as appealed from, with costs.

Robert H. is the biological father of the subject children, who have been placed in foster care under the supervision of Mercyfirst, an authorized foster care agency. In May 2010, during the pendency of these child protective proceedings, Mercyfirst moved, inter alia, for an order of protection on behalf of its employees and against the father. In support of its motion, Mercyfirst asserted that the father had threatened two of its caseworkers. Mercyfirst also sought the issuance of a temporary order of protection against the father pending the determination of the motion. Although the Family Court granted the request for interim relief, that branch of Mercyfirst's motion which was for an order of protection was ultimately denied. We affirm.

Contrary to the Family Court's determination, it did not lack subject matter jurisdiction to entertain Mercyfirst's motion. The Family Court had jurisdiction to consider the application in the context of the ongoing Family Court Act article 10 child protective proceedings (*see generally Matter of H.M. v E.T.*, 14 NY3d 521, 526-527 [2010]). However, contrary to Mercyfirst's contention, Family Court Act § 1056 does not authorize the issuance of an order of protection on behalf of its employees. As the Family Court correctly determined, Mercyfirst's caseworkers do not fit within any of the classes of persons in whose favor an order of protection may be issued (*see* Family Ct Act § 1056).

Accordingly, the Family Court properly denied that branch of Mercyfirst's motion which was for an order of protection on behalf of its employees and against the father. Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.